[Crim. No. 10217.   Second Dist., Div. Four.   June 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER FIELDS, Defendant and Appellant.

2

Jerry W. Flavin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with violating Penal Code section 211 (robbery) in that he forcibly took a wallet and watch valued at $72 from Heinz Paul Wnuk. The information also alleges that on or about March 21, 1959, in Los Angeles County, defendant was convicted of violation of section 288a, Penal Code, a felony.

At the arraignment defendant pleaded not guilty and denied the prior conviction. After the trial had commenced the de-

fendant, out of the presence of the jury, admitted that he had been convicted of the prior alleged in the information.

After the jury had found defendant guilty of robbery in the second degree, the court referred the matter to the probation officer for investigation and report. The probation report showed no prior felony conviction of this defendant. The probation officer did find a record of defendant's conviction in Los Angeles of violation of Penal Code section 288a, for which offense he was sentenced on May 29, 1957, to six months in the county jail, which sentence was suspended and probation granted for a period of two years upon condition that defendant pay a fine of $150. The effect of this sentence was to reduce that offense to a misdemeanor (Pen. Code, § 17).

When defendant was arraigned for judgment on the robbery conviction he moved to withdraw his admission of the prior. This motion was granted. The court then found the alleged prior not true, and sentenced defendant to serve a term in the state prison.

■ A brief statement of the evidence is sufficient to demonstrate its sufficiency to support the verdict.

Heinz Paul Wnuk testified that when he entered a bar about 1:30 in the morning defendant approached him and asked him if he wanted to meet a girl. He and defendant then left the bar and crossed the street, where defendant indicated they would find the girl. As they passed an alley two men came out from behind a building. Defendant struck Wnuk in the face and the other two men joined the attack. Wnuk was dazed and "saw stars." In the struggle someone—he does not know which one—took his wristwatch and his wallet.

Officer Stephens testified that while he was on patrol in a police vehicle he saw the defendant strike Wnuk. Simultaneously two men stepped from behind a building and began hitting the victim. As the police car stopped "somebody hollered 'Police' " and the three men started running. Officer Stephens chased two of the men, but was unable to catch either. His partner, Officer Benter, chased and captured defendant.

Officer Benter testified that he chased the defendant between two houses and over a wire fence before the defendant stopped.

Defendant, testifying on his own behalf, denied having struck or robbed Mr. Wnuk or aiding anyone else to do so. His version was that while he was accompanying Wnuk to a restaurant at Wnuk's suggestion, they were attacked by three strangers. Defendant denied having run from the police.

This conflict in the evidence was for the jury to resolve, and its determination on the issue of fact is not a matter to be reargued or reviewed on appeal. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The fact that the stolen property was not found in defendant's possession does not preclude his conviction. The evidence supports the inference that he was aiding and abetting the unidentified person who took the watch and wallet. Under the law defendant was guilty as a principal (Pen. Code, § 31).

There can be no question of the legality of the arrest, for the arresting officers observed the offense as it was committed and apprehended the defendant before he could make good his attempted escape.

Defendant contends he is entitled to a reversal because during the course of the trial his prior conviction was disclosed to the jury. This occurred during the examination of defendant by his own counsel:

"Q. Mr. Fields, you have been in difficulty with the law before, haven't you? A. Yes, I have.

"Q. In fact, you have been convicted of a felony, haven't you? A. Yes, I have.

"Q. How long ago was that? A. It was nine years ago.

"Q. Nine years ago. A. Yes. I am 29 now and I was 20.

"Q. Well, it was 1959. A. Yes.

"Q. Well, that is not nine years ago, is it? A. No, it isn't.

"Q. About five years ago. A. Well, it proceeded about two years before I was convicted."

No other reference to defendant's prior conviction was made by either counsel in the presence of the jury. In instructing the jury the court gave, on its own motion, the following instruction (CALJIC No. 54-B): "The fact that a witness had been convicted of a felony, if such be a fact, may be considered by you for only one purpose, namely, in judging the credibility of that witness. The fact of such a conviction does not necessarily destroy or impair the witness's credibility, and it does not raise a presumption that the witness has testified falsely. It is simply one of the circumstances that you are to take into consideration in weighing the testimony of such a witness."

The court also gave the customary instruction on the credibility of witnesses (CALJIC No. 52) which included the statement that "a witness may be impeached also by proof that he has been convicted of a felony."

Defendant here invokes such cases as *People* v. *Perez,* 58 Cal.2d 229, 237 [23 Cal.Rptr. 569, 373 P.2d 617], where the district attorney was held guilty of misconduct in asking a witness on cross-examination about a prior conviction, and then being unable to follow up with proof after the witness had denied the prior. Defendant's argument here is based upon the assumption that he had been impeached by mention of a nonexistent felony conviction and that the district attorney had misled him by alleging the prior conviction in the information. There are two complete answers to this argument.

■ Defendant testified that he was convicted of a felony in 1959 *and there is no evidence to the contrary in the record* of the trial. This appellate court is entitled to assume that that testimony is true. ■ The misdemeanor conviction mentioned in the probation report occurred in 1957. When, after the trial was over and the jury had been discharged, the trial court permitted defendant to withdraw his admission of the prior felony, it was too late for the People to offer proof. The failure of the district attorney to offer proof, under these circumstances, does not indicate that the allegation was untrue. The probation officer's report, after the trial was over, that he had found no record of a prior felony conviction was sufficiently impressive that the trial judge was willing to give defendant the benefit of the doubt, but the most it shows is that someone was mistaken.

■ In the second place, assuming that defendant had never been convicted of a felony and was entitled to have the jury consider his testimony unblemished by this kind of impeachment, defendant produced the objectionable matter by his own voluntary act. ■ The allegation in the information could not have prejudiced the defendant. The law forbids the prosecutor or the clerk to make reference to the alleged prior felony unless the defendant denies it and the prosecution is required to prove it by proper evidence (Pen. Code, §§ 1025, 1093).[1] The law also forbids the prosecutor even to ask a defense witness whether he has been convicted of a felony unless the question is asked in good faith with the expectation of proving that there was such a conviction. (*People* v. *Perez,*

---

[1] We assume that portion of the information alleging the prior was not read to the jury at the beginning of the trial in this case. The record does not show that any of the information was read in open court. While the first witness was on the stand the court called counsel to the bench and said, "I didn't notice that he denied the prior, and do you want to leave it denied?" Thereupon at the suggestion of defense counsel defendant was rearraigned at the bench and there he admitted the prior.

*supra,* 58 Cal.2d 229, 237.) The prejudice, if there is any, arose entirely from the voluntary act of the defendant's own attorney. It is reasonable to assume that the defense attorney asked the questions to soften the impeaching effect of the cross-examination which he expected to follow. Whatever his purpose may have been, there was no reason for the prosecutor or the court to interfere. Responsibility for this decision by defense counsel cannot be shifted to the district attorney. The defendant knew what convictions he had suffered, and his attorney was well able to determine which were felonies and which were misdemeanors. This is not a matter as to which a defendant can be heard to say that he was misled. There would be no end to a criminal proceeding if a defendant was entitled to a new trial because, with hindsight, he regretted some of the evidence he had introduced.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.