[Crim. No. 2330.    Fourth Dist., Div. One.    Mar. 15, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. PETER DE LA ROSA CORDERO, Defendant and Appellant.

Peter De La Rosa Cordero, in pro. per., and James R. Dunn, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant appeals a conviction of two counts of selling marijuana (Health & Saf. Code, § 11531). A female undercover narcotics agent and an informant were investigating illicit traffic in drugs; they went to a bar where defendant worked as a bartender. They asked defendant to obtain narcotics for them; their effort was unsuccessful.

The female agent alone then visited defendant at the bar on five additional occasions. They discussed defendant's painting endeavors and interest in jazz music; she continued to ask him to obtain narcotics for her. After the fifth visit, he procured two marijuana cigarettes for her; the next day he obtained for her a tin of marijuana; she paid him $1.00 and $15.

Defendant testified he furnished the marijuana. He explained that he did so because he was an artist with no money; he longed to paint the human form, but could not afford a model; the agent flirted with him; the repeated urgings to procure narcotics, combined with her offer to pose as a model free of charge, finally broke down his resistance to commit the offenses.

On cross-examination defendant answered the prosecutor's first question by denying any prior felony conviction. The prosecutor then sought to prove a felony conviction by naming the offense and the date and place of conviction, rather than by using the proper method of introducing into evidence a certified copy of the judgment of conviction. The trial court temporarily sustained an objection to this line of questioning and after further routine cross-examination, heard argument in chambers on whether defendant had in fact experienced a prior felony conviction. The prosecutor offered a minute entry certification of the Superior Court of San Bernardino County which stated that defendant, upon another arraignment three years earlier, in 1962, admitted the allegation of a prior felony conviction in 1960. The trial court then examined the record of the 1960 offense, and concluded it indicated that the judgment was pronounced as a misdemeanor, not a felony.

Defendant moved for a mistrial, contending that the prosecutor had not asked the question in good faith because the People's records indicated that defendant's sentence was one

applicable only to a misdemeanor. Based on defendant's admission, however, the trial court found that the prosecutor had acted in good faith. Upon the return of the jury, the trial court instructed it in detail to disregard the previous questions and answers given in this regard and that it would be improper for the jury to consider them as evidence or to speculate whether defendant had ever been convicted of crime previously.

The issue is whether the prosecutor's error in questioning defendant concerning his prior misdemeanor conviction constituted prejudicial misconduct. Defendant contends that the error was prejudicial, that the case was so closely balanced and the misconduct was so harmful that its effect could not be cured by instructions or retraction by the prosecutor, citing *People* v. *Lyons*, 50 Cal.2d 245, 262 [324 P.2d 556].

While there is an inference of bad faith and misconduct when a prosecutor fails to present a record of the judgment of an asserted prior conviction (*People* v. *Perez*, 58 Cal.2d 229, 238-239 [23 Cal.Rptr. 569, 373 P.2d 617]; *People* v. *Roberts*, 213 Cal.App.2d 387, 398 [28 Cal.Rptr. 839]; *People* v. *Purvis*, 60 Cal.2d 323, 346 [33 Cal.Rptr. 104, 384 P.2d 424]; *People* v. *Fields*, 235 Cal.App.2d 1, 5 [44 Cal.Rptr. 842]), this inference was overcome here when the trial court found, upon sufficient evidence (the admission of a felony conviction by defendant recorded in the minute entry) that there was good faith. The trial court, unlike that in *People* v. *Roberts*, *supra*, 213 Cal. App.2d 387, made a factual ruling on the question of the prosecutor's good faith. There is no error in this determination.

Furthermore, the prosecutor's error was not prejudicial under the facts of this case. The evidence was not closely balanced; defendant's own testimony clearly established his guilt. The trial court's instruction to the jury offset the prejudicial effect of the prosecutor's error. See *People* v. *Linyard*, 151 Cal.App.2d 50, 55 [311 P.2d 57].

Defendant further contends that the informant and undercover agent lured him into committing the crime so that entrapment occurred. Our review of the entire record, however, reveals there was no entrapment as a matter of law. It was a factual question on which the jury was instructed and which was decided against defendant; the agent merely made an opportunity available for defendant to commit the crime.

Cooperation and encouragement by law enforcement officers are not enough to constitute entrapment; it is also necessary to show that the criminal intent was generated in the minds of the officers and not in the mind of 'defendant. (*People* v. *Jackson*, 42 Cal.2d 540 [268 P.2d 6]; *People* v. *Moreno*, 237 Cal.App.2d 602 [47 Cal.Rptr. 287].)

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 11, 1966. Peters, J., was of the opinion that the petition should be granted.