[Crim. No. 1480. Fourth Dist. Sept. 15, 1961.]

THE PEOPLE, Respondent, v. PAUL ARTHUR FOSTER, Appellant.

Paul Arthur Foster, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant was charged with, tried by a jury for, and convicted of the offense of burglary, i.e., a violation of section 459 of the Penal Code; was sentenced to imprisonment in the state prison; and appeals from the judgment.

As a general rule, on appeal it is assumed that, in the absence of some legal impediment, the jury accepted that evidence which supports their verdict and rejected that evidence which would support a contrary verdict. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *Glassell* v. *Prentiss*, 175 Cal.App.2d 599, 604 [346 P.2d 895]; *People* v. *Jackson*, 152 Cal.App.2d 397, 401 [313 P.2d 931]; *Wolfson* v. *Beatty*, 118 Cal.App.2d 392, 398 [257 P.2d 1017].) The facts in this case will be stated in accord with this rule.

On the night of September 25, 1960, Monte's Market, in San Diego, was burglarized; entry had been made through a hole cut in the roof; filing cabinets had been rifled; and small change, consisting of pennies, nickels, dimes and quarters, in a sum less than $5.00, had been taken from the money order drawer. On the morning after the burglary, the defendant's wallet was found on the floor under the hole which had been cut in the roof. He was taken into custody forthwith, and shortly thereafter his shoes, sox, shirt and trousers were removed and delivered to the police department's laboratory for examination. Samples of roofing material taken from the roof at the place where the hole had been cut, and of debris removed from the floor under this hole also were delivered to the police laboratory. A microscopic examination revealed the presence of a tar substance, red brick particles, and a

white plaster composition on the defendant's shoes and sox and in his trouser cuffs and pockets which were identical with a tar substance, red brick particles and white plaster composition that were part of the samples of roof material and debris from the floor taken from the market after the burglary. Following his arrest, the defendant's automobile was searched. In the trunk thereof the officers found two tools, one of which was a tire iron. Gouged indentations on the market door and an end of the tire iron fitted perfectly. An examination of the hole in the roof disclosed that the wood and tar paper at that point had been pried open with a metal object, and microscopic examination of the grooves in the tip of the tire iron showed a tar substance thereon. In searching the defendant's automobile, the police officers looked in the glove compartment and found 28 or 29 dimes, 2 nickels and 9 pennies. At the time he was taken into custody the defendant had in his possession 1 quarter, 5 dimes and 2 nickels. When questioned about the money in the glove compartment the defendant stated that he was accustomed to putting small change in there and when it amounted to $5.00 or so he gave it to a Mrs. Player to put in a "piggy bank." Mrs. Player testified that she had received no money from the defendant for a "piggy bank."

In considering the sufficiency of the evidence to support a verdict, the appellate court determines only whether there is any substantial evidence in the record, either direct or circumstantial, contradicted or uncontradicted, which justifies the conclusion reached. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Kessler,* 62 Cal.App.2d 817, 821 [145 P.2d 656].) The evidence in this case, as heretofore outlined, is legally sufficient to sustain the finding of the jury that a burglary had been committed and that the defendant was the person who had perpetrated the offense.

The defendant contends that the witnesses who testified against him lied, and for this reason the judgment should be set aside. It is a fundamental rule that the credibility of witnesses who testify at a trial is a matter solely for determination by the trier of fact (*People* v. *Ashley,* 42 Cal.2d 246, 266 [267 P.2d 271]; *People* v. *Mickalian,* 114 Cal.App.2d 11, 13 [249 P.2d 358]), and the acceptance of or weight to be given their testimony is not subject to review unless it is obviously false or inherently improbable. (*Bennett* v. *Chandler,* 52 Cal.App.2d 255, 261 [126 P.2d 173]; *People* v. *Santora,* 51 Cal.App.2d 707, 711 [125 P.2d 606].) The testimony in

the case at bar is neither obviously false nor inherently improbable.

 The defendant also contends that the judgment should be reversed because, at the time of the trial, his attorney was campaigning for a political office; was primarily interested in that activity; and neglected his case. In substance, he claims that the conduct of his attorney amounted to such a lack of effective representation as to constitute a denial of the right to counsel and of due process of law. (See *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]; *Von Moltke* v. *Gillies,* 332 U.S. 708, 725 [68 S.Ct. 316, 92 L.Ed. 309]; *Glasser* v. *United States,* 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680]; *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527].) However, the contention is lacking in factual support. The record is devoid of any evidence respecting the political activities of the attorney and belies the contention that he neglected the defendant's case. To the contrary, it appears therefrom that the attorney was alert and aggressive; made appropriate and opportune objections to the introduction of allegedly objectionable evidence; presented the defendant's evidence in an adequate manner; and thoroughly cross-examined the witnesses who testified against him. At no time prior to or during the course of his trial did the defendant object to the type of representation offered him by his attorney. His contention that he was not effectively represented is without merit.

The defendant also contends that his witnesses were not subpoenaed, certain evidence disappeared, and the jury was warned that unless they brought in a verdict they would be locked up over the New Year's holiday, and claims that these facts constitute grounds for a reversal. None of these contentions is supported by facts appearing in the record and, consequently, may not be considered on this appeal. (*People* v. *Roberts,* 182 Cal.App.2d 431, 438 [6 Cal.Rptr. 161]; *People* v. *Casado,* 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851]; *People* v. *Collins,* 172 Cal.App.2d 295, 302 [342 P.2d 370]; *People* v. *Spencer,* 170 Cal.App.2d 145, 150 [338 P.2d 484].) With respect to the contention that the court intimidated the jury, the record not only fails to show that a warning was given to the jury which caused them to bring in a verdict for fear they might be locked up over the New Year's holiday, but actually does show that the jury retired to deliberate at 12:10 p.m.; reported its progress to the trial judge at 4:56 p.m.; at this time, indicated that three ballots had been taken each

showing an increasing unanimity of belief, the last being 8 to 4; returned to the jury room for further deliberation; and presented their verdict in court at 6 :06 p.m. The lack of any pressure on the jury to arrive at a decision is apparent.

Most of the contentions made by the defendant are identical to those presented, considered, and rejected by the court in *People* v. *Jaquish,* 170 Cal.App.2d 376 [338 P.2d 974]. We have examined the record in this case fully and find the evidence adequate to support the verdict rendered; no errors in the admission or refusal of evidence; no unfairness in the presentation of the People's case; that the trial judge was solicitous of the rights of the defendant; and that a fair trial was had in all respects. The instructions given or refused are not a part of the record on appeal; no objection is made with respect thereto; and we must assume that they were regular in all respects.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.