[Crim. No. 1746. Fourth Dist. Feb. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. STEVEN E. ROBERTS, Defendant and Appellant.

Joseph V. Mazziotta, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with escape from a state prison camp, i.e., a violation of section 4531 of the Penal Code; was tried by a jury and convicted; moved for a new trial, which was denied; was sentenced to imprisonment in the state prison; appeals from the order denying his motion for a new trial, and the judgment; claims that he is not the person who committed the subject offense; and contends that his conviction should be set aside because the evidence is insufficient to support the same, he was deprived of a fair trial, errors were committed therein, the district attorney was guilty of prejudicial misconduct, and the trial judge was prejudiced against him.

There is no appeal from an order denying a motion for a new trial (Pen. Code, § 1237; *People* v. *Eppers,* 205 Cal. App.2d 727, 728 [23 Cal.Rptr. 222], and the attempted appeal therefrom should be dismissed.

Defendant urges seven indexed grounds for reversal, which are set forth in a brief personally prepared and filed herein by him. Each of these will be stated in the course of our consideration. His court appointed attorney filed a statement herein declaring that, in his opinion, no reversible error occurred in the trial court.

## ALLEGED INSUFFICIENCY OF THE EVIDENCE

The overall contention of the defendant is that the person who committed the alleged offense with which he is charged, i.e., the person who was imprisoned in and escaped from a state prison camp, was a man whom he knew, who looked like him, but was not he. The person in the prison camp was known by the name of Steven E. Roberts. The defendant claims that his name is Stephen James Broome, and that he never was known by the name of Roberts. Specifically, he contends that the evidence herein was insufficient to establish that he was the person who committed the subject offense.

As the defendant personally presents the points raised on this appeal, we reiterate for his benefit the general rules which govern an appellate court in reviewing the sufficiency of evidence to support a judgment, *viz.*:

" ' . . . it is the function of the jury in the first instance,

and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below'" (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]); if there is any substantial evidence, either contradicted or un-contradicted, direct or circumstantial, which supports the conclusion reached, it will be assumed that, in the absence of some legal impediment, the trier of facts accepted that evidence and rejected any other evidence which might support a contrary conclusion, and the judgment in the case must be affirmed; where two or more inferences are reason-ably deducible from the evidence, the reviewing court is with-out power to substitute its deductions for those of the trier of fact; thus, if the circumstances under consideration justify the conclusion reached, the opinion of the appellate court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant inter-ference with the determination made; the credibility of witnesses who testified at the trial is a matter solely for deter-mination by the trier of fact; and the acceptance or weight to be given their testimony is not subject to review, unless it is obviously false or inherently improbable. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231]; *People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Foster,* 195 Cal.App.2d 651, 652-653 [15 Cal.Rptr. 891].)

The defendant was identified by two prison camp guards who had seen the escapee every day for over a month prior to his escape, and by a Mrs. Dix, who testified that she was his sister, as the man named Steven E. Roberts who was a prisoner at the subject camp. The defendant did not deny that Mrs. Dix was his sister. He also was identified by a Mr. Hamilton, who testified that he was the defendant's half brother, and that he had known him by the name of Carl Eugene Roberts. There was testimony that the prisoner, Roberts, had an eagle tattoo on his left shoul-der and the letters "U.S.M.C." or "U.S.A.C." on the back of his left fingers. The defendant had an eagle tattoo on his left shoulder, and letters on the back of his left fingers which he claimed were "U.G.H.C." and which he showed to the jury. The fingerprints of the prisoner and those of the

defendant were identified by an expert witness as the finger-prints of the same person. █ The defendant contends that the witness in question was not qualified to give an opinion on the subject. There is no basis for this contention. The witness had been engaged in fingerprint identification work for 25 years; had been schooled therein; and had made "a good many thousand" fingerprint comparisons for the purpose of identification. █ Furthermore, no objection to the witness' qualifications were made at the time of trial, and an objection thereto cannot be made for the first time on appeal. (*Bundy* v. *Sierra Lumber Co.*, 149 Cal. 772, 775 [87 P. 622].)

The defendant testified that he had not been in prison; that during the time of his alleged confinement in prison, prior to the subject escape, he had been working in the States of Washington and Oregon; that he was in Long Beach, California, on August 1, 1961, which was 18 days before the escape charged against him, and produced alibi witnesses purporting to substantiate this claim; that he knew a man by the name of Steven E. Roberts who looked exactly like him, had a spread eagle tattoo on his left shoulder and the letters "U.S.M.C." on the back of his left fingers.

The defendant claims also that it was not established why Steven E. Roberts was at the prison camp in question or why he is "not still" there. However, the evidence adequately establishes that Roberts was imprisoned in the California Institution for Men at Chino, California; was transferred to prison camp No. 37; and, after being at that camp for approximately a month, was discovered missing following a routine check; that a search was conducted for him but he was not located; and that he thereafter was arrested in Long Beach, California, at which time he claimed he was Stephen James Broome, the defendant.

█ Under the rules heretofore stated, the evidence adequately supports the verdict. (Generally, see *People* v. *Waller*, 14 Cal.2d 693, 700 [96 P.2d 344] ; *People* v. *Pollart*, 208 Cal.App.2d 793, 795-796 [25 Cal.Rptr. 678] ; *People* v. *Jackson*, 183 Cal.App.2d 562, 567 [6 Cal.Rptr. 884].) The defendant's argument in support of his contention to the contrary is confined to a consideration of the weight of the evidence to support the verdict. His testimony merely created a conflict in the evidence, the resolution of which was an exclusive function of the trier of fact. █ In substance, he asks us to retry the case, which we may not do.

394

(*People* v. *Treggs,* 171 Cal.App.2d 537, 543 [341 P.2d 342].) ▉ In many particulars, his presentation relies upon alleged facts which find no support in the record. It is well settled that an appellate court may not take cognizance of such facts. (*People* v. *Foster, supra,* 195 Cal.App.2d 651, 654.)

### SUPPRESSION OF EVIDENCE

▉ The defendant contends that he was denied a fair trial because certain evidence was suppressed, *viz.*: (1) A fingerprint card that had been made upon his arrest which showed his height to be 6 feet 1 inch and his weight 159 pounds, whereas the prison records introduced in evidence showed that Steven E. Roberts, the escapee, was 6 feet 3 inches in height and his weight was 170 pounds; (2) a work record, the contents of which are not before this court; (3) an exemplar of the defendant's handwriting which he claims was "analyzed" and found not to be the handwriting of the escapee, Roberts; (4) the latter's medical record, compiled by the "California Department of Corrections," which would have shown "a great deal of difference between Steven E. Roberts" and the defendant; (5) a chest X-ray which was part of the aforesaid medical records, which would have shown a difference in the bone structure between that of the escapee Roberts and that of the defendant, and also would have shown scar tissue on Roberts' lungs and a slipped disc in his spine, all of which would have tended to show that Roberts, the escapee, and Broome, the defendant, were not the same person; and (6) Roberts' prison dental record which would show that he had 9 fillings and 10 teeth missing, whereas the defendant has all of his teeth except three. Although the defendant relates the contents of the records which he claims were suppressed, nothing before us verifies his statements in this regard; and although he purports to know the contents of those records, there is no showing of any request by him that they be produced.

▉ "The intentional suppression of material evidence by the state would, of course, be a denial of a fair trial and due process." (*People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal. Rptr. 1, 349 P.2d 673].)

In some circumstances this might be manifest by a failure to introduce such evidence. ▉ On the other hand, the prosecution is not required to put on all of the evidence relating to a charge so long as all material evidence bearing

thereon is fairly presented. (*People* v. *Kiihoa, supra,* 53 Cal.2d 748, 752.)

 Whether the allegedly existent evidence to which the defendant refers was material to the issue of identification, as he contends, cannot be ascertained from the record on appeal because it is not contained therein. Moreover, it is obvious that there was no intentional suppression thereof by the state. The defendant professes knowledge of the contents of the records which he claims were suppressed; undoubtedly knew of their whereabouts or was able to ascertain the same; and they were available to him under readily accessible processes of law.

### ALLEGED INTIMIDATION OF WITNESSES AND OTHER FACTORS, PRECLUDING A FAIR TRIAL

The defendant contends that the witness Dix was intimidated by a prosecution officer and compelled to testify contrary to the truth; submits a letter from her which he claims supports this position; and urges that the judgment should be reversed on account thereof. In this, as in many other instances, some of which heretofore have been considered, the defendant bases his contentions upon facts which are not supported by the evidence as disclosed in the record on appeal. Similarly unsupported are his contentions that certain witnesses who would have testified in his behalf were not called because he was unable to pay the expense incident to their being present in court, even though their presence could have been required by law; and that he was denied his right to subpoena witnesses because he was held incommunicado in jail and was not permitted to see his wife or his lawyer, although there is no showing of such fact, and although he was present with his attorney in court and no request was made to subpoena any witnesses.

 Contentions which are not supported by facts appearing in the record on appeal may not be considered as grounds for reversal. (*People* v. *Foster, supra,* 195 Cal. App.2d, 651, 654; *People* v. *Roberts,* 182 Cal.App.2d 431, 438 [6 Cal.Rptr. 161]; *People* v. *Justice,* 167 Cal.App.2d 616, 622 [334 P.2d 1031].)

### RE ALLEGED ERRORS IN CONSIDERATION OF MOTION FOR A NEW TRIAL

In his motion for a new trial the defendant indicated the discovery of new evidence, i.e., the medical records of the

escapee Roberts, which, as heretofore noted, he claimed were suppressed. He states that these records were located by his counsel after trial and prior to imposition of sentence. There is no showing as to why the evidence contained in these records was not discovered prior to trial. The defendant's claim that he was not permitted to make a proper showing in this regard because he was in solitary confine-. ment is another instance in which he bases a contention upon facts not supported by any evidence in the record on appeal.

A motion for a new trial on the ground of newly discovered evidence will be denied unless the moving party shows that he exercised due diligence in attempting to discover and produce the same prior to termination of his trial. (Pen. Code, § 1181, subd. 8; *Estate of Nessel,* 164 Cal. App.2d 798, 805 [231 P.2d 205].)

. The defendant contends that the trial judge did not examine the new evidence; made no findings on his motion; and, therefore, . erred in his ruling thereon. There is no showing supported by evidence which might be considered by this court that the trial judge failed to acquaint himself with the alleged newly discovered evidence.

Written findings of fact are not a prerequisite to a ruling upon a motion for a new trial. (*Beckett* v. *Kaynar Mfg. Co., Inc.,* 49 Cal.2d 695, 699 [321 P.2d 749]; *Waymire* v. *California Trona Co.,* 176 Cal. 395, 399-400 [168 P. 563]; *Butler* v. *Progressive Transportation Co.,* 174 Cal.App.2d 333, 339 [344 P.2d 623].) The defendant's contention in this regard is contrary to the law.

"The granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court," and its ruling thereon will not be disturbed on appeal except upon a clear showing of abuse of that discretion. (*People* v. *Greenwood,* 47 Cal.2d 819, 821 [306 P.2d 407]; *People* v. *Fluery,* 161 Cal.App.2d 630, 634 [327 P.2d 47].) No such abuse appears in the instant case. The defendant's contentions to the contrary are without merit.

### ALLEGED PREJUDICIAL MISCONDUCT OF THE DISTRICT ATTORNEY

The defendant contends that in making certain arguments to the jury, in objecting to the introduction of certain testimony, in pantomiming, and in asking certain questions re-

specting other offenses, the deputy district attorney who tried the case was guilty of prejudicial misconduct.

■ The statements made during argument to which the defendant objects related to the evidence; directed attention to a reasonable interpretation thereof; and were not improper. The defendant's contention to the contrary is based upon his concept and interpretation of the evidence and of the inferences deducible therefrom. The advocacy of a contradictory point of view by the deputy district attorney was not misconduct.

All objections to the introduction of evidence by the deputy district attorney which were sustained by the court, as reflected in the record on appeal, were proper. Any charge of misconduct based thereon is without merit.

The alleged "pantomiming" involved the actions of the deputy district attorney while talking with a "state investigator" in the courtroom; are not described or referred to in the record before us; no objection was made thereto; and the charge of misconduct based thereon is without any support.

· ■ The deputy district attorney asked the defendant on cross-examination if he ever had been convicted of a felony; received a reply in the negative; thereupon, by separate questions, asked the defendant if he had not been convicted of six different felonious offenses, identifying them by name and year of conviction; and received negative responses to each thereof. No proof was offered that the defendant had been convicted of the offenses about which he had been questioned.

■ A witness may be interrogated respecting prior felony convictions for the purpose of impeaching his testimony, providing such interrogation is conducted in good faith. (*People* v. *Perez*, 58 Cal.2d 229, 237 [23 Cal.Rptr. 569, 373 P.2d 617].) ■ In the instant case, the failure of the deputy district attorney to offer in evidence a record of the judgments of the prior convictions about which he questioned the defendant, strongly supports an inference of bad faith. On the other hand, he was not given an opportunity to defend against the charge of bad faith implied in his failure to offer such proof. The defendant made no objection to the questions asked of him; when no additional proof was offered, did not move to strike them and request an instruction that the jury should not infer any prior convictions from the fact that they had been asked; and did not move for a mis-

trial or in any other manner bring the subject to the attention of the trial court for its consideration and a ruling on the issue.

■ Misconduct of the district attorney to which no objection is made in the trial court may not be urged as reversible error, unless the cause is closely balanced or the conduct is of such a nature that its harm could not be obviated. (*People* v. *Lyons*, 50 Cal.2d 245, 262 [324 P.2d 556].) The instant case is not closely balanced. To the contrary, the evidence overwhelmingly establishes that the offense charged was committed, and identifies the defendant as the offender. Furthermore, the exceptions to the foregoing rule are based upon the premise that the actions of the district attorney to which objection is made actually constituted misconduct. In the case at bar, the issue of good faith, which is basic to the charge of misconduct here in question, was not determined by the trial court because the defendant did not there make the charge and, although the record would support an inference of bad faith, the issue actually was not explored.

■ In addition, one of the prior convictions about which the defendant was questioned purportedly occurred in 1958, and one of the prosecuting witnesses testified that he was a half brother of the defendant; that he knew him under the name of Carl Eugene Roberts; and that he saw the defendant in 1958 when the latter was released, for a day, from Terminal Island, which is a federal prison facility, into the custody of the witness in order that the defendant might attend his mother's funeral. Furthermore, the prison record of the escapee Roberts, which is in evidence, showed that he was a "5th termer," and contained other information indicating that he, under three different names, previously had been convicted of five felonious offenses, two of which were forgery. As heretofore noted, the identification of Roberts and the defendant as the same person is satisfactorily established. The foregoing evidence would tend to overcome the inference of bad faith heretofore referred to.

In any event, we are convinced, after a consideration of the whole record, including the evidence, that it is not probable that the jury would have found the defendant not guilty if the questions concerning his alleged prior convictions had not been asked. Under these circumstances, the misconduct complained of does not warrant a reversal. (*People* v. *Watson*, 46 Cal.2d 818, 837 [299 P.2d 243].)

## CLAIMED PREJUDICIAL MISCONDUCT OF
## THE TRIAL COURT

The defendant contends that the trial judge was guilty of prejudicial misconduct because, in sustaining an objection to a question by the defendant's counsel on cross-examination, he stated, among other things, ". . . this is not cross examination." The obvious purport of the judge's remark is that the question asked was not within the scope of allowable cross-examination. The ruling was correct.

The defendant further contends that the court's imposition of a consecutive sentence showed its prejudice and also was misconduct. The sentence imposed was that prescribed by law. (Pen. Code, § 4531.)

## LACK OF JURISDICTION

The defendant claims that the trial court did not have jurisdiction of the subject offense because it was not committed in the County of San Bernardino. This contention is based upon the erroneous premise that the camp from which the escape was made is not located in that county. The contrary is the fact. ▆▆▆ Furthermore, section 4701 of the Penal Code provides: "The jurisdiction of a criminal action for escaping from any State prison is in any county of the State."

This section applies to an escape from a state prison camp. (*People* v. *York,* 207 Cal.App.2d 880, 882 [24 Cal. Rptr. 815].)

Other bases for the contention that the trial court had no jurisdiction of the instant case are that: (1) A witness at the preliminary examination testified falsely; (2) that the defendant was not taken before a magistrate until the fifth day after his arrest; and (3) that he was cross-examined about offenses other than that with which he was charged. The first two of these matters involve facts outside the record and for this reason, under the rule on appeal heretofore noted, we may not consider the same. (See also *People* v. *Walker,* 170 Cal.App.2d 159, 163 [338 P.2d 536].) The third matter heretofore has been considered; does not involve a question of jurisdiction; and the claim based thereon is without merit.

Contrary to the oft-reiterated theme in the defendant's brief, he was afforded a fair trial; no prejudicial errors occurred in the course thereof; and the evidence adequately supports the verdict reached.

The judgment is affirmed. The attempted appeal from the order denying the motion for a new trial is dismissed.

Griffin, P. J., and Monroe, J. pro tem.,* concurred.

A petition for a rehearing was denied March 11, 1963, and appellant's petition for a hearing by the Supreme Court was denied April 24, 1963.