[Crim. No. 14862.    Second Dist., Div. Five.    Aug. 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS NELSON FLANAGAN, Defendant and Appellant.

Richard A. Ibanez, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—By information, defendant was charged with a violation of section 187, Penal Code (murder). A prior felony conviction of robbery was also alleged. The trial was to a jury upon defendant's pleas of not guilty and not guilty by reason of insanity. The alleged prior was admitted out of the presence of the jury. The jury returned a verdict of guilty of second degree murder and found that defendant was legally sane. A motion for new trial was denied and defendant sentenced to state prison. This appeal followed.

The facts are that on December 26, 1962, one Monroe Porter (the victim) was a bartender in the Orbit Room, which is located in Los Angeles. Defendant entered the establishment about 10 p.m. that day and ingested several alcoholic drinks. Porter refused to serve defendant further drinks and defendant became angry. He left the bar and then returned some 35 to 40 minutes later. On defendant's return, Porter was mixing drinks behind the service bar. Defendant approached the bar and shouted "I'm going to kill you." Some four or five shots were fired from a gun in the possession of defendant and Porter was mortally wounded by one or more of the shots. Porter was not provocative in any of his actions or statements to defendant and was not armed in any way when shot.

A question of defendant's sobriety existed as of the time of the shooting. Porter had refused to serve defendant further, presumably on Porter's conclusion that defendant was inebriated. At the time defendant was taken into custody shortly following the shooting, defendant was intoxicated in the opinion of the officers. There was testimony to the effect that at the time defendant returned to the bar with the gun he did not appear to stagger and his speech did not appear to be slurred. His declared purpose was accomplished with reasonable accuracy, the victim being struck by three of the shots.

The defense presented evidence of Porter's aggressiveness and defendant's self-defense, but obviously any such issue was determined adversely to the defendant's position.

At the hearing to determine defendant's plea of not guilty by reason of insanity, Dr. Walters testified that defendant did not appear to have hallucinations or delusions nor to be psychotic in his behavior or thinking. Further, the evidence indicated that defendant suffered from a paranoid personality which was chronic and was manifested by defendant's inability to get along with other persons. No brain or central nervous system effect was found caused by defendant's syphilis disease. It was this doctor's conclusion that defend-

ant was sane at the time the crime was committed. Another doctor, one Abe, stated his examinations of defendant resulted in his conclusion that defendant was "probably legally insane" at the time of the shooting. The testimony of a Dr. McNeil was that he found no mental difficulties affecting defendant.

On this appeal, defendant makes two contentions. The first relates to the sanity phase of the case. "Defendant was denied due process of law by requiring that he prove his insanity by a preponderance of the evidence." There is no merit to this contention.

The jury was instructed as follows:

■ "The defendant has the burden of proving his insanity by a preponderance of the evidence.

"By a preponderance of evidence is meant such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth."

*People* v. *Baker,* 42 Cal.2d 550, 564 [268 P.2d 705], holds that in California the burden of proving insanity is on the defendant. In *Leland* v. *Oregon,* 343 U.S. 790 [96 L.Ed. 1302, 72 S.Ct. 1002], an Oregon statute was held constitutional, providing that not only was the issue of insanity one in which the defendant had the burden of proof but that the proof must be beyond a reasonable doubt. In California the proof need be by preponderance only. (See also *People* v. *Pacheco,* 258 Cal.App.2d 800, 809 [66 Cal.Rptr. 142]; Evid. Code, § 522.)

As a part of the contention of defendant that he was denied a fair trial on the issue of his claimed insanity he objects to an instruction given to the jury which is as follows:

"Moral insanity, as an independent state, is not recognized by law as a defense to crime, and does not constitute such insanity as is a legal defense. Moral insanity, in itself, is not a bar to responsibility for criminal acts; hence, howsoever perverted, if at all, the feelings, conscience, affections and sentiments of a person may be, unless the intellectual faculties and reasoning powers are so affected by mental disease as to render him incapable of distinguishing between right and wrong in relation to the act with which he is charged, he is responsible to the law for his criminal acts."

By this contention defendant seeks once again to raise an attack upon the California version of the M'Naughton rule. Though defendant's argument presents an approach different from those heretofore considered by our Supreme Court, the

cases of *People* v. *Nicolaus,* 65 Cal.2d 866, 879 [56 Cal.Rptr. 635, 423 P.2d 787] and *People* v. *Nash,* 52 Cal.2d 36, 50 [338 P.2d 416], have adequately adversely laid to rest the thrust of defendant's position and an analysis here would be of no avail. (See *People* v. *Wolff,* 61 Cal.2d 795, 816-818 [40 Cal. Rptr. 271, 394 P.2d 959]; *People* v. *Foster,* 271 Cal.App.2d 763, 769 [76 Cal.Rptr. 775].)

■ It is also argued that the denial of a fair trial on the issue of insanity was compounded by the denial of defendant's right to open and close the argument at the time of the trial of this issue. The rationale in the case of *People* v. *Bandhauer,* 66 Cal.2d 524, 531 [58 Cal.Rptr. 332, 426 P.2d 900], dictates that defendant, so long as he has the burden of proof on the issue, should have the right to open and close the argument. An examination of the record in the instant case convinces us beyond a reasonable doubt that any error in the court's ruling in this regard did not affect the result.

■ The second contention of defendant relates to an alleged error occurring in the guilt stage of the trial. Defendant contends that "the trial court erred in instructing the jury on the issue of manslaughter."

The contention of defendant relates to the failure of the court to give a diminished capacity instruction to the effect that diminished capacity, through self-imposed intoxication, applies to the mental state in "heat of passion," one of the components of voluntary manslaughter as defined in the code.[1] We need not address ourselves to the specific contention though we are of the opinion that the instruction given (CALJIC 311 (Revised)) correctly states the applicable law. We are confronted, however, with the failure of the court to instruct on a "non-statutory" form of voluntary manslaughter described in *People* v. *Conley,* 64 Cal.2d 310, 318 [49 Cal.Rptr. 815, 411 P.2d 911]. (See also *People* v. *Castillo,* 70 Cal.2d 264, 270-271 [74 Cal.Rptr. 385, 449 P.2d 449]; *People* v. *Austin,* 270 Cal.App.2d 845 [76 Cal.Rptr. 154]; *People* v. *Conley,* 268 Cal.App.2d 47 [73 Cal.Rptr. 673].) The People would have us hold either that defendant, relying upon his defense of self-defense and not specifically urging any diminished capacity through intoxication, waived the instruction as to the non-statutory form of manslaughter or

---

[1]Penal Code section 192 provides: "Manslaughter is the unlawful killing of a human being, without malice. It is of three kinds: 1. Voluntary —upon a sudden quarrel or heat of passion."

that there is no reasonable probability that had the absent instruction been given, a different result would have occurred. (*People* v. *Stephanson,* 259 Cal.App.2d 181 [66 Cal.Rptr. 155] ; Cal. Const., art. VI, § 13.) That portion of *Stephanson* upon which the People would have us rely was specifically overruled in *People* v. *Castillo, supra* (p. 271). The obligation is on the court to fully instruct the jury on all issues framed by the evidence. Failure of a defendant to request an applicable instruction does not constitute waiver. (*People* v. *Wilson,* 66 Cal.2d 749, 759 [59 Cal.Rptr. 156, 427 P.2d 820].)

We necessarily hold that the error in failing to fully instruct the jury on manslaughter requires a reversal.

Judgment is reversed as to the guilt phase. Judgment is affirmed as to that portion of the trial relating to the issue of insanity.

Aiso, J., and Reppy, J., concurred.