Filed 7/1/13  P. v. Keller CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBYN KELLER,<br><br>    Defendant and Appellant. | D063198<br><br><br><br>(Super. Ct. No. SCD242318) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.


Appellate Defenders, Inc. and Patrick E. DuNah, for Defendant and Appellant

No appearance by Plaintiff and Respondent.


Robyn Keller entered a negotiated guilty plea to possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) (count 1) and reckless driving (Veh. Code, § 23103, 23103.5) as a lesser included offense of driving under the influence (Veh. Code,

§ 23152) (count 2). The court placed her on three years of summary probation. Keller appeals. We affirm.

BACKGROUND

Keller possessed a usable amount of methamphetamine and drove recklessly with an "intox[icating] substance involved."

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel mentions as a possible, but not arguable, issue whether Keller's plea was constitutionally valid.

We granted Keller permission to file a brief on her own behalf. She has responded with the following contentions. Law enforcement officers searched Keller's person and vehicle without her permission. They were prejudiced against her. They handcuffed her so tightly that her circulation was cut off. Keller has back problems, knee problems and anxiety due to her boxing career. Keller told her retained attorney that she did not want to plead guilty because she was innocent. At the change of plea hearing, Keller was in a wheel chair, crying and unable to "get [her] breath to talk."

Because Keller did not obtain a certificate of probable cause, she cannot challenge the validity of her guilty plea. (Pen. Code, § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) In addition, Keller did not file a motion to suppress in the trial court

2

(Pen. Code, § 1538.5), and in any case, Keller waived her right to appeal the denial of any suppression motion. The record does not show any impropriety in the trial court proceedings, and on appeal we cannot review matters that are outside the scope of the record. (*People v. Roberts* (1963) 213 Cal.App.2d 387, 394.)

A review of the record pursuant to *Wende* and *Anders*, including the possible issue listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Keller has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.