Filed 7/31/13  P. v. Ferguson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063189 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD236563) |
| TAMARI JAMIL FERGUSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Tamari Jamil Ferguson entered a negotiated guilty plea to attempted robbery (Pen. Code, §§ 664, 211)[1] and admitted a gang enhancement (§ 186.22, subd. (b)(1)) and a

---

[1]    All further statutory references are to the Penal Code.

strike (§ 667, subds. (b)-(i)). The court granted Ferguson two continuances so he could retain counsel to file a motion to withdraw the guilty plea. At the sentencing hearing, Ferguson's retained counsel stated he could not find "a good-faith legal basis for withdrawing [the] plea." The court sentenced Ferguson to a stipulated seven-year eight-month prison term: twice the 16-month lower term for attempted robbery and five years for the gang enhancement. Ferguson appeals and has obtained a certificate of probable cause (§ 1237.5). We affirm.

## BACKGROUND

Ferguson unlawfully attempted to take, with force, property from the person of another for the benefit of a criminal street gang. Ferguson had previously suffered a true finding in juvenile court of a strike offense.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions as possible, but not arguable, issues: (1) whether the judgment should be vacated because there was no determination that there was an adequate factual basis for the plea, or because the record does not reflect a factual basis; (2) whether Ferguson received ineffective assistance of counsel due to a failure to investigate the factual basis or a failure to advise Ferguson before he entered his plea; (3) whether the plea was coerced; (4) whether the failure to file a motion to withdraw the plea constituted

2

ineffective assistance of counsel; (5) whether the court abused its discretion by not holding a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118) or asking Ferguson if he agreed with his counsel's refusal to move to withdraw the plea; (6) whether Ferguson received ineffective assistance of counsel because trial counsel failed to file a petition for writ of *coram nobis* after sentencing in light of Ferguson's express desire to withdraw his plea; (7) whether the court abused its discretion by refusing to modify the sentence by dismissing the strike; and (8) whether the court abused its discretion by ordering a $1,500 restitution fine.

We granted Ferguson permission to file a brief on his own behalf. He has responded with the following contentions: there was an inadequate factual basis for the plea; Ferguson received ineffective assistance of counsel; counsel forced him to sign the plea agreement with the threat of a sentence of 11 to 23 years failed to disclose all evidence; counsel and the court falsely stated that all three defendants would receive gang enhancements, but Ferguson was the only one who did; the court erred by denying Ferguson's motion to withdraw the guilty plea; and substantial evidence does not support the finding underlying the gang enhancement.

The court recited the facts set forth above in the background section of this opinion as the factual basis. The court then asked, "Is that what you did in this case, sir?" Ferguson said "Yes." The court found there was a factual basis for the plea and admissions. This was sufficient. (§ 1192.5, 3d par.) The record does not show any coercion, nondisclosure, false statements or impropriety in the plea bargaining process, or any grounds for a motion to withdraw the guilty plea. On appeal we cannot review

3

matters outside the scope of the record. (*People v. Roberts* (1963) 213 Cal.App.2d 387, 394.) The record does not demonstrate that Ferguson received ineffective assistance of counsel, that is, that counsel failed to act in a manner to be expected of a reasonably competent attorney and that counsel's acts or omissions prejudiced Ferguson. (*Strickland v. Washington* (1984) 466 U.S. 668.)

A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Ferguson has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

4