Filed 11/10/14  P. v. Gough CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ROBERT GOUGH, Defendant and Appellant. | D065342 (Super. Ct. No. ECR12100) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1996, a jury found Robert Gough guilty of exhibiting a deadly weapon with the intent to resist arrest (Pen. Code, § 417.8, subd. (a)(1); all further statutory references are to this code) and resisting an executive officer by use of force or violence (§ 69).  In a

bifurcated proceeding, the jury found true allegations of four strikes (§ 667 subds. (b)-(i)) and three prior prison terms (§ 667.5, subd. (b)).  The court stayed sentence (§ 654) for resisting an executive officer and sentenced Gough to prison for 28 years to life:  25 years to life for exhibiting a deadly weapon and one year for each prison prior.  In 1998, this court affirmed the judgment.  In 2013, Gough filed a petition for resentencing (§ 1170.126).  The trial court found him statutorily ineligible and denied the petition. Gough appeals.  We affirm.

## BACKGROUND

In September 1995, San Diego County Sheriff's detectives saw Gough walking on a median in violation of traffic laws, running across heavily travelled intersections and leaning into the driver's windows of two cars.  When Gough leaned into the second car, one of the detectives saw that he was holding a shock absorber.  The detective identified himself and told Gough he needed to talk to him.  Gough ran away.  During the ensuing chase, Gough turned, revealing a nine-inch steak knife in his hand, then continued to run, ignoring the detective's orders to stop.  Other law enforcement officers joined the pursuit. Gough then obeyed an order to drop the knife, but refused commands to get on the ground.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below.  Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

2

mentions as possible, but not arguable, issues: (1) whether the court abused its discretion by denying Gough's petition for resentencing; and (2) whether all of Gough's strikes arose from the same act so as to constitute a single strike (*People v. Vargas* (2014) 59 Cal.4th 635).

We granted Gough permission to file a brief on his own behalf. He has responded.

Gough contends the evidence is insufficient to support his 1996 conviction and he was denied due process because the record of one of the police detectives was not produced. Gough did not raise these arguments in the appeal from his conviction and has accordingly forfeited the right to do so.

Gough contends that trial counsel was ineffective in two respects, discussed below. To prevail on this contention, Gough must show that counsel failed to act in a manner to be expected of a reasonably competent attorney and that counsel's acts or omissions prejudiced Gough. (*Strickland v. Washington* (1984) 466 U.S. 668.) In reviewing this contention, we are limited to the record on appeal. (*People v. Roberts* (1963) 213 Cal.App.2d 387, 394.)

First, Gough argues that the prosecutor attempted to intimidate a defense witness, and when the court stated that the prosecutor was not intimidating the witness, trial counsel failed to respond. The record on appeal does not show any intimidation. Instead, the record reflects a claim by trial counsel that the witness was afraid of the prosecutor. The court then stated that it had heard the conversation between the witness and the prosecutor and found there was no intimidation.

3

Second, Gough argues that on 28 occasions, trial counsel failed to object when the prosecutor interrupted another defense witness before that witness had completed his responses. We have reviewed the record and count far fewer interruptions than Gough claims. The record shows that approximately five times the prosecutor interrupted the witness to interpose an objection; four of the objections were sustained. Approximately four times, the prosecutor interrupted the witness to ask him to answer the question or note that the question required a "yes" or "no" response. Approximately four times, the court intervened after an interruption and allowed the witness to complete his answer. At least once, the prosecutor, on his own, allowed the witness to complete his answer. On one occasion the witness answered the question but continued talking, then the prosecutor interrupted him. On another occasion the prosecutor asked the witness, "Can I interrupt you for one second?" and the witness responded, "Yes." At one point, the prosecutor interrupted the witness and posed another question; defense counsel objected and the court sustained the objection. Gough has not shown that trial counsel's failure to interpose further objections prejudiced Gough in any way.

Finally, Gough contends two of his strikes should be counted as one because the two events occurred on the same day, one hour apart; there was one trial; the court denied his motion for separate trials; and the two strikes resulted in one prison term. This contention is not well taken. The four strikes arose from four robberies in case No. CR73208, with a conviction date of June 12, 1985. All four robberies occurred on February 24, 1985. Three of the robberies occurred in a motel room; there were three victims. The fourth robbery occurred in a home; there was one victim. These

4

circumstances resulted in four separate strikes. (*People v. Vargas*, *supra*, 59 Cal.4th at pp. 638-639.)

A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Gough has been competently represented by counsel on this appeal.

DISPOSITION

The order is affirmed.


McINTYRE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McDONALD, J.

5