[Crim. No. 12160.   Second Dist., Div. Two.   Apr. 24, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES HAYS, Defendant and Appellant.

Frank Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant, charged with violation of section 11530 of the Health and Safety Code, a felony, and three priors, admitted the priors and pleaded not guilty.

A mistrial was declared on December 1, 1965.

On January 10, 1966, a second jury trial was commenced, appellant was found guilty as charged and sentenced to state prison, sentence to run concurrently with any other sentence required to be served including one for violation of parole.

Appellant had been on parole, and in violation thereof, changed his address without permission. On June 17, 1965, at noon, Agent Norton, his parole officer, another parole officer, and two police officers from the Los Angeles Police Department, without an arrest warrant, knocked on the door of appellant's home to arrest him for parole violation.

When appellant said "yes" or "come on in," the officers entered and arrested him. He was advised of his constitutional rights to silence, to have an attorney present at all times, and that anything he said might be used against him.

Agent Norton saw a man's sports jacket on a couch in the living room, picked it up, and searched it. He found, among other things, approximately $300 in cash, some checks, and a car rental receipt. Asked if the money and other items in the jacket were his, appellant said yes. Asked if the jacket belonged to him, appellant said no. One of the police officers then took the jacket from Norton and continued to search it. He asked appellant if the jacket were his and appellant said yes. The police officer found what later proved to be a marijuana cigarette in the jacket pocket. Asked if the cigarette were his, appellant stated he knew nothing about it. When

asked again about the money and the cigarette, appellant stated: "I would rather not say anything." Appellant was taken to the police station.

Appellant testified that the jacket was not his and he did not know the marijuana cigarette was in the pocket. He stated that earlier that day, he had left his work pants, with his money, keys, film, and other items in its pockets, in the car of one Albert Donester. He discovered the pants were missing when he returned home, called Donester and asked him to bring over the contents of the pants' pockets. The jacket was Donester's and appellant contended had been left by Donester with the items officers found in its pockets shortly before the arrival of the officers. Appellant insisted he had never smoked cigarettes of any kind.

Mrs. Hays, appellant's wife, substantially corroborated his story. The defense then offered to prove that Donester had admitted to Mrs. Hays the jacket was his; the court sustained a hearsay objection to this testimony after a hearing out of the presence of the jury. Mrs. Hays' other testimony was impeached by the showing of a prior felony conviction.

Donester, subpoenaed as a witness, when asked about ownership of the jacket, refused to answer on the ground that his answer might tend to incriminate him.

Appellant contends the trial court erred in refusing to allow Mrs. Hays to testify to Donester's alleged admission against penal interest, particularly in view of the fact that Donester claimed and was granted a Fifth Amendment privilege; prejudicial misconduct was committed in the impeachment of Mrs. Hays; appellant's statements to the officers were improperly admitted because *Miranda* requirements were not met; appellant's statement that he would rather not say anything should not have been admitted; the marijuana cigarette was erroneously received in evidence; and in the failure of the court to give a cautionary instruction relative to admissions or confessions.

■ Appellant argues that Donester's alleged statements to Mrs. Hays constituted a declaration against penal interest and should have been admitted.

During the examination of Mrs. Hays she was asked about the statements. Counsel were called to the bench, the jury was excluded, and the court stated preliminarily that if Donester had told her the jacket was his, the statement would be admissible since it was against Donester's penal interest. Evidence on *voir dire* outside the presence of the jury was then heard

to determine whether the declaration was one against penal interest. Mrs. Hays repeated the substance of two telephone conversations with Donester. She said she asked Donester to go to the police and tell them the jacket was not her husband's. Donester said he did not want to get involved and that ''He said the coat was his.'' She also testified (referring to Donester) she could not ''say for a fact that it was his, because I didn't see him with it.'' It was further shown, however, that the most she could testify to was that Donester refused to go to police ''to clear up'' the ownership of the jacket. Nothing in either conversation to which Mrs. Hays testified outside the presence of the jury suggests even remotely that at the time they were held Donester was told, he knew, or even suspected that a marijuana cigarette had been found in the jacket.

The trial court, having heard a complete *voir dire*, direct and cross-examination of Mrs. Hays on the subject of the conversations between Mrs. Hays and Donester, concluded that Donester had made no admission that he owned the jacket or made any answer indicating that he knew what was found in the jacket. The court's factual determination of the effect of Mrs. Hays' testimony persuades this court. (See Code Civ. Proc., § 2102; *People* ex rel. *Dept. Public Works* v. *Graziadio,* 231 Cal.App.2d 525, 532-533 [42 Cal.Rptr. 29]; cf. *People* v. *Stout,* 66 Cal.2d 184, 192 [57 Cal.Rptr. 152, 424 P.2d 704].)

▮ Appellant's argument that if Donester's statement to Mrs. Hays was not a declaration against penal interest the trial court erred in sustaining Donester's refusal to testify on Fifth Amendment grounds is not sound. Whatever Donester may or may not have said to Mrs. Hays, his answer to a direct question whether he owned the coat might be self-incriminating. The conclusion of the trial judge after a *voir dire* examination of Mrs. Hays, that Donester made no penal declaration against interest to her, does not preclude the possibility that injurious disclosures might be made against himself. (*Hoffman* v. *United States* (1951) 341 U.S. 479, 487 [95 L.Ed. 1118, 1124, 71 S.Ct. 814]; see also *Malloy* v. *Hogan* (1964) 378 U.S. 1, 11-12 [12 L.Ed.2d 653, 661-662, 84 S.Ct. 1489].)

▮ Appellant contends that the prosecutor committed prejudicial misconduct in impeaching Mrs. Hays. The prosecutor asked Mrs. Hays if she was ''convicted of a felony here in the County of Los Angeles'' on August 15, 1963. She first refused to answer, pleading self-incrimination. When in-

structed to answer the question, she denied conviction. The prosecutor then asked: "Q. You were not convicted of the crime of conspiracy to commit robbery? A. No., I was not. Q. Kidnaping for the purpose of robbery? A. No, I was not. Q. And receiving stolen property? A. For receiving stolen property, yes, and it was not August 1963."

Section 2051 of the Code of Civil Procedure provides that for impeachment purposes, a prior felony conviction may be shown by examination of the witness or the record of judgment. A witness may be orally questioned concerning prior felony convictions (*People* v. *Allen,* 189 Cal.App.2d 706, 710 [11 Cal.Rptr. 440]), limited by the requirement that such examination be "in good faith." (*People* v. *Perez,* 58 Cal.2d 229, 238 [23 Cal.Rptr. 569, 373 P.2d 617, 3 A.L.R.3d 946]; *People* v. *Linyard,* 151 Cal.App.2d 50, 55 [311 P.2d 57].)

In *Perez, supra,* relied on by appellant, there was an insufficient showing of good faith. The witness examined denied he had been convicted of a felony. No proof of any kind of a prior felony conviction suffered by the witness was offered or made. At bench the record indicates a record of conviction was at the time of the question to Mrs. Hays, "on its way out" to the trial court. Immediately after asking about priors, the prosecutor showed the trial judge a so-called "rap sheet" which, at the least, was evidence of his good faith. Further, Mrs. Hays admitted a prior felony conviction.

Although the prosecutor did not follow the usual and preferable procedure of immediately producing a copy of the judgment when the witness denied a prior conviction (see *People* v. *Craig,* 196 Cal. 19, 28 [235 P. 721]), the record indicates the questions were put in good faith, the jury was carefully admonished "to forget that you ever heard anything" about the other offenses to which reference was made in the impeaching questions.

Appellant contends that his statements to police were erroneously admitted in evidence because he was not told that if he were indigent, a lawyer would be appointed to represent him. (*Miranda* v. *Arizona,* 384 U.S. 436, 467-473 [16 L.Ed.2d 694, 722-724, 86 S.Ct. 1602, 10 A.L.R.3d 974].) It is undisputed that the requirements of *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] were met. Appellant's *second trial commenced January 10, 1966.* In *People* v. *Rollins,* 65 Cal.2d 681, 686 [56 Cal.Rptr. 293, 423 P.2d 221], our Supreme Court holds, in accordance with *Johnson* v. *New Jersey,* 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772], that *Miranda* does

not apply to trials which began before June 13, 1966. *Miranda,* therefore, does not apply.

Appellant argues that his statement, ''I would rather not say anything,'' was erroneously admitted in the face of an objection. (*People* v. *Ridley,* 63 Cal.2d 671, 676 [47 Cal. Rptr. 796, 408 P.2d 124] ; *People* v. *Cockrell,* 63 Cal.2d 659, 669-671 [47 Cal.Rptr. 788, 408 P.2d 116].) At bench, however, the criticized statement was made as part of a conversation which was wholly admissible. It concluded the conversation ; in fact, it was an integral part of the conversation as to which he waived his constitutional rights. It should be noted, too, that appellant himself, on direct examination, after the statement was testified to by one of the officers and objected to by appellant's attorney, testified he had said ''I would rather not say anything.''

In *Ridley* and *Cockrell,* the assertion of the privilege of silence was not part of any conversation which was admissible. However, admitting a constitutional question protected by federal law is involved and assuming it was error to admit the final sentence (*Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], such failure does not require automatic reversal if we are satisfied ''beyond a reasonable doubt that the error ... did not contribute to the verdict. ...)'' (*People* v. *Stout, supra* [66 Cal.2d], p. 196.) We are satisfied beyond a reasonable doubt that it did not. The presence of substantial evidence of appellant's guilt, and the fact that his response, in the circumstances in which it was made, was not incriminating, but rather showed that appellant was properly relying on the rights of which he had just been advised by a police officer, lead to the conclusion that reversal on this point is unwarranted under section 13, article VI, of the California Constitution.

Appellant, relying upon *People* v. *Arellano,* 239 Cal. App.2d 389 [48 Cal.Rptr. 686], contends the marijuana cigarette was erroneously admitted into evidence because section 844 of the Penal Code was violated by the manner in which officers entered his home. The contention has no evidentiary base. The officers testified that they knocked on the door, and entered only after appellant said ''yes'' or ''come on in.'' Appellant corroborated their testimony. His testimony shows that he apparently was expecting someone else when he said ''come on in.'' The police officers understood it as an invitation to them as would anyone else. Appellant was immediately informed he was under arrest for violation of his parole. The subsequent search

was therefore pursuant to a lawful entry and arrest; the marijuana cigarette was properly admitted at trial.

Appellant's final contention to the effect that no instruction cautioning the jury about evidence in respect of oral admission was given, is without merit. The record shows that such an instruction was given.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.