WILLIAMS, Judge.
Defendant, Ronald E. Coleman, was convicted of attempted first degree murder, a violation of LSA-R.S. 14:27(30), and attempted armed robbery, a violation of LSA-R.S. 14:27(64). Defendant filed this appeal, alleging that the trial court erred 1) in not affirmatively advising defendant of his right to be tried in street clothing; and 2) in not striking allegedly prejudicial comments made by the prosecuting attorney during the direct examination of a State’s witness as well as not admonishing the jury to disregard those comments.
The jurisprudence does not require that the trial court advise the defendant of his right to be tried in street clothing, and the record in the instant case shows that defendant neither requested that he be allowed to wear street clothing nor objected to being tried in prison clothing. Furthermore, the record reveals that the defense failed to object to the allegedly prejudicial comments made by the prosecution at the trial and thereby waived any objection it had. Therefore, we affirm defendant’s conviction.

Assignment of Error No. 1

In his first assignment of error, defendant argues that the trial court committed reversible error in not affirmatively apprising defendant of his right to be tried in *472 street clothing. This assignment is without merit.
While the State cannot compel the defendant, over timely defense objection, to stand trial before a jury while dressed in identifiable prison attire, Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976), reh. den. 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976), the jurisprudence does not require the trial court to inform defendant of this right or to ensure that the defendant make a knowing waiver thereof as in the case of a fundamental right .such as the right to counsel. Although the right to stand trial in street attire may have constitutional implications, the relinquishment of this right has been regarded as a strategic or tactical decision. Id. 96 S.Ct. at 1695 n. 3. The trial court does not operate under the same burden here as it would in a case involving a fundamental right such as the right to counsel. Id. at 1697. Thus, the trial court did not err in not affirmatively apprising defendant of his right to be tried in street clothing.
We note that the defendant does not allege that he was compelled to stand trial in identifiable prison attire, see State v. Conger, 483 So.2d 1100 (La.App. 4th Cir.1986), writ den. 488 So.2d 199 (La.1986). Moreover, the record does not show that the defendant requested permission to change clothes or that he objected to being tried in prison attire. Thus, defendant’s objection is waived. LSA-C.Cr.P. art. 841; Estelle v. Williams, 96 S.Ct. at 1697.

Assignment of Error No. 2

In this assignment of error, defendant contends that the trial court erred in failing to strike two allegedly prejudicial comments made by the prosecutor during the direct examination of Officer Elpha-nous Maulbrue, witness for the State.[1] This assignment is without merit.
Review of the record shows that the defense failed to object to counsel’s statements at the trial. Thus, defendant’s objection is waived. LSA-C.Cr.P. art. 841.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.

. The defense urges that counsel “testified" as to defendant’s actions and prejudiced defendant with the following statements:
1) "Now Officer, I’m going to ask you to look around the courtroom and see if you see the suspect that attempted to shoot you that night.”
2) "Okay. Is there any doubt in your mind that that's the same individual that tried to shoot you that night?"
We note that these statements were made after Officer Maulbrue testified that a suspect pointed a gun at him and after another witness testified that defendant had shot the gun but that it did not fire.