Filed 11/5/15  P. v. Lara CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HECTOR MANUEL LARA,<br><br>    Defendant and Appellant. | B258303<br><br>(Los Angeles County<br>Super. Ct. No. MA061812) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed in part, conditionally reversed, and remanded in part with directions.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

A jury convicted Hector Manuel Lara (defendant) of possessing methamphetamine, and the trial court sentenced him to six years in jail. On appeal, defendant argues that the trial court erred in conducting too narrow a review of three Los Angeles County Sheriff's deputies' personnel records under *Pitchess v. Superior Court* (1975) 11 Cal.3d 531 (*Pitchess*), and in sentencing him to the middle term. Although defendant's second claim lacks merit, we agree with him that the trial court's *Pitchess* review did not encompass all "similar" misconduct as *Pitchess* requires. We accordingly remand for a further *Pitchess* hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

A busboy at a Denny's restaurant in Lancaster, California, called law enforcement because defendant, a customer, was acting "weird": Defendant looked around the restaurant nervously when opening his wallet, walked out to the parking lot and proceeded to talk to himself, and then returned and started looking under tables. Two Los Angeles County Sheriff's deputies arrived. When the officers encountered defendant outside the restaurant, one of them noticed that defendant was fidgety, that his pupils were dilated, that his speech was rambling and incoherent, and that he was sweating profusely despite an air temperature a few degrees above freezing. The deputies arrested defendant, and the busboy then brought them the wallet defendant had left in the restaurant. The wallet contained a "picture ID" with defendant's photograph as well as a folded square of paper containing 3.2888 grams of methamphetamine.

The People charged defendant with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The People further alleged that defendant's 1997 conviction for robbery (Pen. Code, § 211) was a "strike" under California's Three Strikes Law (*id.*, §§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and that he served two additional prior prison terms (*id.*, § 667.5, subd. (b)) for his 2004 conviction for receiving a stolen vehicle (*id.*, § 496d, subd. (a)) and his 2011 conviction for false imprisonment (*id.*, § 236).

After the jury convicted defendant and defendant admitted the prior convictions during the second half of the bifurcated trial proceedings, the trial court sentenced

2

defendant to six years in jail.  The court selected the middle term of two years on the possession count, doubled it to four years due to defendant's prior "strike," and added one additional year for each prior prison sentence.

Defendant timely appeals.

## DISCUSSION

### I.    *Pitchess* **Motion**

#### A.    *Pertinent facts*

Prior to trial, defendant filed a *Pitchess* motion seeking in camera review of the personnel records and citizen complaints against the two deputies who arrested him and a third deputy who photographed the wallet and drugs.  Defendant's counsel submitted a declaration, based on information and belief, denying that defendant exhibited any signs of drug use, denying that defendant possessed any methamphetamine, and asserting that the deputies either "plant[ed] [the] methamphetamine in [his] wallet or else l[ied] about its having been there altogether."[1]  Defendant asked the trial court to review the records and complaints for any evidence of (1) fabrication of charges, (2) fabrication of evidence, (3) fabrication of reasonable suspicion and/or probable cause, (4) perjury, (5) dishonesty, (6) writing false police reports, (7) filing false or misleading reports (such as false overtime and medical reports), and (8) any other misconduct involving moral turpitude.

The trial court granted the motion as to all three deputies, but only as to the "planting of narcotics and writing of false police reports."  The court conducted an in camera review and found no responsive records or complaints.  After the court denied the *Pitchess* motion, defendant filed—and the court denied—a motion to suppress the methamphetamine as the fruit of an unlawful arrest.

#### B.    *Analysis*

The "personnel records" of "peace" and "custodial officers," as well as "complaints by members of the public," are conditionally privileged under California

---

[1]    This was counsel's second declaration.  The trial court had denied defendant's first *Pitchess* motion without prejudice due to the insufficiency of counsel's first declaration.

3

law.  (Pen. Code, §§ 832.7, 832.5, 832.8.)  They are not wholly immune from disclosure; instead, they may be disclosed but only if the party seeking them follows special procedures first articulated in *Pitchess* and later codified in Evidence Code sections 1043 through 1047.  Under these procedures, a court must find "good cause for the discovery or disclosure"—that is, a showing that the agency from which the records and complaints are sought possesses them and, more relevant here, a showing that the records and complaints are "material[] . . . to the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).)  To establish materiality, the requesting party must (1) set forth a "specific" and "plausible" "factual scenario of officer misconduct," and (2) must explain both how the information sought is "similar" to the misconduct alleged in the pending litigation and how the information would support a defense or negate the People's case.  (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1021, 1025-1027 (*Warrick*); *California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1021 (*CHP*).)

Defendant raises two issues on appeal.  First, he asks us to evaluate the sufficiency of the in camera hearing that the trial court conducted.  We have done so, and conclude that it was done correctly.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.)  Second, he argues that the court should have conducted a more expansive in camera hearing.  In particular, defendant asserts that the court erred in limiting the in camera review only to misconduct involving the "planting of narcotics and writing of false police reports" because most of the other types of misconduct he sought to discover (namely, the fabrication of evidence, the fabrication of charges, the fabrication of reasonable suspicion or probable cause, perjury and dishonesty) are also "similar" to the misconduct he alleges in this case (namely, the planting of methamphetamine and the filing of a false police report).  Defendant does not on appeal challenge the court's ruling regarding false or misleading internal reports or other misconduct involving moral turpitude.  We review the court's decision in this regard for an abuse of discretion.  (*People v. Cruz* (2008) 44 Cal.4th 636, 670.)

4

We conclude that the trial court abused its discretion. *Pitchess* requires the in camera review of a peace officer's privileged file for misconduct that is "similar" or "related" to the misconduct the defendant alleges, not just misconduct that is identical to it. (*CHP*, *supra*, 84 Cal.App.4th at p. 1021 ["similar"]; *People v. Gill* (1997) 60 Cal.App.4th 743, 750 (*Gill*) [same]; *Warrick*, *supra*, 35 Cal.4th at p. 1021 [requiring "officer misconduct related to the misconduct asserted by the defendant"]; cf. *People v. Hustead* (1999) 74 Cal.App.4th 410, 416 [prior incidents of excessive force not similar to alleged misconduct in lying about defendant's evasive driving].) There is good reason for this: Incidents that are similar, but not identical, can lead to admissible evidence of an officer's "habit or custom" of engaging in that type of misconduct. (*Gill*, *supra*, 60 Cal.App.4th at pp. 749-750; *People v. Memro* (1985) 38 Cal.3d 658, 681-682, overruled on other grounds by *People v. Gaines* (2009) 46 Cal.4th 172, 181, fn. 2 (*Gaines*).)

Using "similarity" as the filter, the trial court erred in not reviewing the personnel records of the three deputies for prior incidents involving (1) the planting or fabrication of *any* evidence (rather than just narcotics) (see *Warrick*, *supra*, 35 Cal.4th at p. 1027 [in cocaine possession case, ordering in camera review of records involving "planting of evidence"]; *Gill*, *supra*, 60 Cal.App.4th at p. 750 [same]), (2) the fabrication of charges to the extent it relies upon the fabrication of evidence (see *Gill*, at p. 750), (3) perjury (see *Brant v. Superior Court* (2003) 108 Cal.App.4th 100, 108 (*Brant*) [in drug possession case where defendant alleges officers lied, ordering in camera review of records for perjury]), and (4) dishonesty (see *People v. Johnson* (2004) 118 Cal.App.4th 292, 296, 300-303 [in drug possession case where defendant alleges officers lied, ordering in camera review of records for incidents of dishonesty]; cf. *CHP*, *supra*, 84 Cal.App.4th at p. 1023 [in driving under the influence case where defendant alleges officers lied, misconduct involving time card irregularities not sufficiently similar]). What is more, in light of defendant's motion to suppress on the grounds that the deputies fabricated probable cause for his arrest, prior incidents involving the fabrication of reasonable suspicion and probable cause are also "similar" and thus subject to in camera review.

5

(*Brant*, at p. 108; cf. *Giovanni B. v. Superior Court* (2007) 152 Cal.App.4th 312, 317-321 [in camera review of prior incidents of fabrication of probable cause not warranted when arrest rested on independent basis not attacked by defendant].)

The People defend the trial court's ruling on two grounds. They argue that *CHP* supports the court's parsing of what is similar from what is not. *CHP* is distinguishable. The dissimilarity between the alleged misconduct and time card irregularities in *CHP* is greater than the dissimilarities between the alleged misconduct in this case and the categories of prior misconduct for which defendant seeks in camera review in this case, as we explain above. The People further contend that *Warrick's* ruling that *Pitchess* review be conducted for "the planting of evidence" generally (rather than the planting of specific types of evidence) was an instruction to the trial court after that court initially refused to conduct any in camera review at all, and should be limited to that circumstance. However, *Warrick* grounded its ruling on its conclusion that evidence is "material" under Evidence Code section 1043, subdivision (b)(3) if it is "similar[]" or "related" to the misconduct alleged in the *Pitchess* motion. As noted above, many other courts have construed "materiality" the same way. More importantly, the People offer no reason why we should adopt a different definition of "similarity" depending on the degree to which the trial court's initial ruling was underinclusive (that is, depending on whether the court conducted an in camera review that was too narrow or no in camera review at all).

We do not at this point reverse defendant's conviction. Instead, we conditionally remand the matter to the trial court to (1) conduct an in camera review of the privileged records and complaints of all three deputies for all of the five additional categories of misconduct enumerated in this opinion, (2) order the disclosure of any "information . . . relevant to the subject matter involved in the pending litigation" (Evid. Code, § 1045, subd. (a)), and, if any such records are disclosed, (3) allow defendant the opportunity to establish there is a reasonable probability that the outcome of his suppression motion or trial would have been different and, if so, to retry the case. If there are no additional

6

disclosures or if defendant cannot establish prejudice, the trial court may reinstate the judgment of conviction.  (*Gaines*, *supra*, 46 Cal.4th at p. 182; *Gill*, *supra*, 60 Cal.App.4th at p. 419.)

## II.     Sentencing

A person convicted of possessing methamphetamine and having a prior "strike" offense may be sentenced to 16 months, 2 years or 3 years in jail.  (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 1170, subd. (h)(1).)  Where, as here, "the statute specifies three possible terms [of imprisonment], the choice of the appropriate term shall rest within the sound discretion of the [trial] court."  (Pen. Code, § 1170, subd. (b); *People v. Sandoval* (2007) 41 Cal.4th 825, 847 [noting abuse of discretion review on appeal].)  A trial court abuses that discretion if, in choosing among the low, middle and high terms, it relies upon facts or circumstances that are irrelevant or prohibited.  (*Ibid.*)

Defendant argues that the trial court erred in selecting the middle term of two years on the underlying drug possession charge because (1) the court relied on two inappropriate considerations, and (2) the court did not "state the reasons" for its selection of the middle term "on the record at the time of sentencing," as required by Penal Code section 1170, subdivision (c).  Neither argument warrants reversal.

With respect to the first argument, defendant asserts that the trial court impermissibly (1) treated his decision to go to trial (rather than enter a plea) as an aggravating factor in violation of his constitutional right to go to trial (see *People v. Weber* (1984) 162 Cal.App.3d Supp. 1, 8 ["A court cannot impose a harsher sentence because the defendant pleads not guilty and exercises his right to a jury trial"]); and (2) treated his trial testimony denying possession of drugs as perjury—and thus, an aggravating factor—without first making a finding as to the elements of perjury (see *People v. Howard* (1993) 17 Cal.App.4th 999, 1002, 1004 [so requiring]).

The record and the law do not support these arguments.  At the sentencing hearing, defendant asked for the low term (or, failing that, the middle term), and the People sought a high term sentence.  The trial court selected the middle term.  Just minutes before, in

7

denying defendant's motion to strike his prior "strike" conviction, the court noted defendant's extensive criminal history, including the four felony convictions he sustained between his 1997 robbery conviction and the instant offense. The court also explained why there were no mitigating factors: "There aren't any factors in mitigation that I see certainly in terms of your plea negotiations. Early taking of responsibility is a factor in mitigation under the rules of court. [¶] Here, not only did we not have that but we did have the defendant who took the stand and was unwilling to take responsibility for the crime here."

As the trial court's actual words indicate, the court did not punish defendant for going to trial; instead, it acknowledged the absence of the mitigating factor of acceptance of responsibility. (See Cal. Rules of Court, rule 4.423, subd. (b)(3) [mitigating factors include "[t]he defendant voluntarily acknowledg[ing] wrongdoing before arrest or at an early stage of the criminal process"].) The court also did not determine that defendant committed perjury, so findings as to the elements of perjury are not necessary. Moreover, the criminal history the court discussed is a valid aggravating factor (*id.*, rule 4.421, subd. (b)(2) [aggravating factors include that "the defendant's prior convictions . . . are numerous or of increasing seriousness"]), and a single aggravating factor is sufficient to sustain a middle or high term sentence (e.g., *People v. Williams* (1991) 228 Cal.App.3d 146, 153).

Defendant's attack on the trial court's statement of reasons also lacks merit. To begin, the court's articulation at the hearing of aggravating factors and its finding of no mitigating factors are reasonably viewed as a statement of reasons for its middle term sentence. Even if we assume that a more express statement is required, defendant forfeited his right to that statement by not objecting during the sentencing hearing. (*People v. Scott* (2015) 61 Cal.4th 363, 406.) Defendant argues that this forfeiture is due to his counsel's ineffectiveness, which itself warrants a new sentencing hearing. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687.) We disagree. *Strickland* requires a showing that, but for counsel's deficient performance, it is reasonably probable that the

outcome of the proceeding would be different.  (*Ibid.*)  Defendant has not made this showing because the court's discussion of aggravating and mitigating factors made its choice among the three sentencing options clear.

## DISPOSITION

The judgment is reversed and remanded with directions to the trial court to conduct an in camera hearing as to all three deputies with respect to prior incidents of (1) the planting or fabricating of any evidence, (2) the fabrication of charges to the extent it relies upon the fabrication of evidence, (3) perjury, (4) dishonesty, and (5) the fabrication of reasonable suspicion and probable cause.  If the hearing reveals no discoverable information, the trial court is directed to reinstate the judgment of conviction and the sentence.  If the inspection reveals relevant information, the trial court must order disclosure, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
ASHMANN-GERST

9